# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TRACIE MOSS, )
)
        Plaintiff, )
) Case No. 12-CV-307-JED-PJC
v. )
)
UNIVERSITY VILLAGE RETIREMENT )
COMMUNITY, )
)
        Defendant. )

## OPINION AND ORDER

Before the Court is the Motion in Limine (Doc. 26) filed by defendant, University Village Retirement Community (UVRC). The facts and claims in this case are summarized in the Court's Opinion and Order denying summary judgment (Doc. 48) and will be referenced only as necessary in the analysis of the Motion in Limine.

**I.  Evidence Relating to Michael Knighten**

UVRC requests that the Court enter an order excluding certain evidence relating to Michael Knighten, a UVRC employee who is generally relevant to plaintiff's claim of alleged wrongful termination in violation of public policy under *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). The Court is familiar with some of the evidence relating to this claim, as it was presented in the parties' summary judgment briefing. That evidence shows that, while plaintiff was on maternity leave from UVRC, a resident made an allegation of sexual abuse by Michael Knighten, who was a UVRC staff member. Pursuant to a state regulatory rule, which implements the Oklahoma Nursing Home Care Act, facilities such as UVRC are required to report such allegations to the Oklahoma Department of Health. *Okla. Admin. Code* 310:675-7-5.1. In plaintiff's absence, other UVRC staff failed to report the allegation of abuse. Following

her return to work from maternity leave, plaintiff learned of the abuse allegation, generally complained about the failure of other UVRC staff to timely report it, and made the required report following her own investigation. She was terminated days later, and plaintiff alleges that the termination is in retaliation for the report she made pursuant to Oklahoma law.

UVRC denies that her termination had anything to do with plaintiff's report of the abuse allegation, and UVRC points to evidence that it had made numerous reports of incidents to the Oklahoma Department of Health in the past. In response, plaintiff asserts that the true motivation of Vanessa Neal, the Vice President and Executive Director of UVRC, in terminating plaintiff's employment can be inferred from evidence that (1) Neal was friends with Mr. Knighten, the UVRC employee who was alleged to have abused the resident, (2) Knighten had previously been written up for sexually inappropriate and harassing behavior towards other UVRC staff, and (3) Knighten had previously pleaded guilty to an assault and battery charge, which was known to UVRC. From this, plaintiff asserts that the allegation of sexual abuse was not reported by other UVRC staff while plaintiff was on maternity leave because such a report would reflect badly upon UVRC for continuing to employ Knighten after knowledge of his assault and battery conviction and his documented inappropriate and sexually harassing conduct toward another UVRC employee. Hence, plaintiff asserts that she was terminated for making the report of alleged sexual abuse by Knighten.

The Court has previously found the existence of genuine disputes of material fact with respect to UVRC's motivation for terminating plaintiff's employment. (Doc. 48 at 5-6). It is clear that Knighten's history at UVRC and the fact that UVRC was aware of Knighten's assault and battery conviction are relevant to whether UVRC disapproved of plaintiff's reporting of the

abuse allegation and thus terminated her employment for making that report. UVRC's Motion in Limine relating to Mr. Knighten is thus **denied**.

## II.     Alleged Business Practices by One of UVRC's Owners

UVRC requests that the Court preclude plaintiff from introducing evidence or making any reference to allegations that one of UVRC's owners, Matt Gawey (1) asked a UVRC resident to leave money to UVRC in the resident's will, (2) yelled at contractors for not doing something that they had yet to receive a permit to do, and (3) was "rude, uncaring, [and] rash" toward employees. (Doc. 26 at 8). All three of these allegations were made by Leanna Van Eman, a former UVRC employee, as reasons she left the employ of UVRC. (*Id.*). Van Eman testified that she "had heard" "very secondhand" about the first allegation, but that "it was never verified." (Doc. 26-4, Depo. p. 10). She also testified that she never saw Mr. Gawey "do anything that [she] felt was unethical." (*Id.*, Depo. pp. 11-12).

Plaintiff responds that she should be permitted to introduce such allegations as evidence of "Mr. Gawey's reputation as a less than ethical businessman," and claims that such evidence is "clearly relevant because it suggests that Gawey created an atmosphere in which rules, policies, and procedures were ignored and retaliation was an accepted business practice." (Doc. 32). Aside from the potential hearsay problems with such evidence, the allegations are too attenuated to the issues in this case to be relevant to the plaintiff's claims. Plaintiff asserts that she was terminated by UVRC in violation of public policy or in retaliation for exercising her rights under the Family and Medical Leave Act (FMLA). It is not alleged that Mr. Gawey had any involvement in the decision to terminate plaintiff or in any underlying events relating to the reporting to the Department of Health or to the plaintiff's FMLA leave. The hearsay allegations against Mr. Gawey are simply not relevant to the issues in the case. UVRC's Motion in Limine

on this issue is thus **granted**. Plaintiff shall not introduce evidence or argument relating to the reasons Ms. Van Eman left UVRC or to the allegations of unethical or inappropriate conduct by Mr. Gawey.

IT IS THEREFORE ORDERED that UVRC's Motion in Limine (Doc. 26) is **granted in part and denied in part**, as set forth herein.

SO ORDERED this 9th day of September, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE